**MATT ANDERSON LAW, PLLC**
2633 E. Indian School Rd., Suite 370
Phoenix, Arizona 85016
602.732.6590
Matt Anderson (025934)
matt@mattandersonlaw.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>             Plaintiff,<br><br>v.<br><br>Payson Hospitality Group, LLC, dba<br>Majestic Mountain Inn<br><br>             Defendant. | Case No.<br><br>**Notice of Removal of Civil Action<br>Under 28 U.S.C. § 1441(a)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Payson Hospitality Group, LLC, dba Majestic Mountain Inn, hereby removes the state court action described below to this Court pursuant to 28 U.S.C. § 1441(a) based on federal question jurisdiction under 28 U.S.C. § 1331. Removal is based upon the following:

1.     Plaintiff commenced a civil action on August 10, 2020 in Gila County Superior Court under case number S0400-CV202000232 and captioned as *Peter Strojnik v. Payson Hospitality Group, LLC, dba Majestic Mountain Inn* (the "State Court Action").

2.     Pursuant to 28 U.S.C. § 1446(b) and L.R.Civ. 3.6(b), a copy of the Complaint, Summons, and Certificate of Arbitration, are attached as Exhibit "A." Undersigned counsel verifies that Exhibit "A" contains true and complete copies of all papers served on Defendant in connection with the State Court Action.

1

3.      The Complaint in the State Court Action asserts three (3) causes of action against Defendant for alleged violations of the "Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), "negligence and negligence per se," (which, really, is two separate claims), and failure to disclose. *See* Complaint, p.1, lines 16-19.

4.      Plaintiff alleges Defendant deprived him of full and equal enjoyment of its hotel, in violation of the ADA and its corresponding regulations, in relation to Defendant's booking website, accessible parking, lobby entrance, stair risers, and check-in counter. Complaint at ¶¶ 21 & 22.

5.      Without admitting the truth of any allegation against Defendant, Plaintiff alleges that he has standing under 28 CFR § 36.105 to bring an ADA claim against Defendant as "a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below [in Complaint ¶¶ 9-18]."

6.      Plaintiff further alleges that Defendant's conduct listed above constitutes discrimination to Plaintiff under Title III of the ADA, 42 U.S.C. §§ 12101 et seq. Complaint at ¶ 35.

7.      This Notice of Removal is filed within thirty days of the initial receipt of Plaintiff's Complaint (served August 19, 2020), and thus this Notice is filed within the time limits set forth in 28 U.S.C. § 1446 (b).

8.      The State Court Action is a civil action involving a federal question arising under the ADA. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331 based on federal question jurisdiction because Plaintiff's claim arises under federal law. This action, and all claims asserted therein, is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

9.     Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1441(a) because the Gila County Superior Court is located within the United States District of Arizona.

10.     There are no Defendants who have not been served, and all served Defendants consent to removal.

11.     A demand for jury trial was made in state court by Plaintiff.  Defendant hereby demands trial by jury on all issues in the case pursuant to Rule 38(b), Federal Rules of Civil Procedure.

12.     Counsel for Defendant hereby certifies that a copy of this Notice of Removal, and a Notice of Filing Notice of Removal, are being filed with the clerk of the Gila County Superior Court.

13.     Based on the foregoing, the State Court Action is properly removed to this Court.

**DATED** this 9th day of September, 2020.

MATT ANDERSON LAW, PLLC

/s/ *Matt Anderson*
Matt Anderson
*Attorneys for Defendant*

### Certificate of Service

I hereby certify that on the 9th day of September, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 N. Central Avenue
Phoenix, Arizona 85020
ps@strojnik.com
*Pro Se Plaintiff*

/s/ *Carrie Bishop*

3

EXHIBIT A

FILED
Anita Escobedo
CLERK, SUPERIOR COURT
08/10/2020  1:26PM
BY: KRUBALCAVA
DEPUTY

Case No.: S0400CV202000232
HON. TIMOTHY WRIGHT

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF GILA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Payson Hospitality Group, LLC. dba<br>Majestic Mountain Inn<br><br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>1. **Americans with Disabilities Act**<br>2. **Negligence**<br>3. **Failure to Disclose**<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

Segregation of the disabled is the last vestige of socially acceptable discrimination. Plaintiff, an ADA Tester, brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, and (3) Failure to Disclose.

## PARTIES

1. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

2. Defendant owns, operates leases or leases to a lodging business located at 620 E. State Highway 260, Payson, AZ 85541 ("Hotel").

## JURISDICTION AND VENUE

3. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

4. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

5.  The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

6.  These barriers impair Plaintiff's full and equal access to the Hotel.

7.  Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

8.  Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

9.  At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

1   knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows

2   and wrists, pleurisy, hyper blood pressure.

3   10. Plaintiff's physical infirmities alleged above do both of the following:

4       a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive

5         and genitourinary body systems; and

6       b. Limit, without regard to mitigated or unmitigated measures, active or inactive

7         state, remissive or non-remissive condition, the following major life activities:

8         walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking,

9         jumping, twisting body, running, reaching, lifting, writing, working, twisting the

10         wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting

11         in and out of a car, working, carrying stuff and other major life activities.

12   11. Plaintiff has a history of impairments stated in the preceding paragraph.

13   12. Plaintiff is regarded as having a physical conditions that limit major life activities.

14   13. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are

15       accessible to him and have the standard accessibility features of the construction

16       related accessibility standards including those required by 42 U.S.C. Sec. 12101 et

17       seq., 28 C.F.R. Part 36, the relevant Standards for

18       Accessibility Design, as such laws and regulations

19       relate to walking, standing, sitting, bending, sleeping,

20       working, climbing stairs, kicking, jumping, twisting

21       body, running, reaching, lifting, writing, working,

22       twisting the wrist, shoulder and elbows, grasping,

23       pushing, opening doors, breathing, getting in and out

24       of a car, carrying stuff and working.



25   14. Plaintiff has been declared disabled and has been

26       issued a government disability placard reproduced in

27       the margin.

28

15. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both | x | x | x | Performing manual tasks, sleeping, | (c)(1)(i) (d)(1)(iv) |

4

| | | | | | |
|---|---|---|---|---|---|
| Shoulders, Elbows And Wrists | | | | | reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | | |

16. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

17. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

18. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

19. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

    (i) Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

    (ii) Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

    (i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing

rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)   Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

20. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

21. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

| BOOKING WEBSITES – ACCESSIBILITY INFORMATION |
| --- |

**INSUFFICIENT ACCESSIBILITY INFORMATION**



**FEATURES**

| | |
| --- | --- |
| Air-Conditioning | Iron On Request |
| BBQ Area | Jacuzzi |
| Bar/Lounge | Meeting Room |
| Cable TV | Mini Fridge |
| Conference Facilities | Mountain Biking |
| Disabled Access Rooms | Non-Smoking Rooms |
| Fireplace | Outdoor Swimming Pool |
| Guest Laundry (charges apply) | Pet friendly |
| Heated Pool | TV |
| Hiking Trails | TV Room |
| Internet Access | WiFi Internet |

**Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii).

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

**Table 2.**

22. Plaintiff alleges that he personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

9

1
2
3
4
5
6
7
8
9
10
11



Identification.

12
13
14
15
16
17
18
19
20
21
22
23
24
25



**Improperly configured accessible parking – no signage, too steep, no apparent accessible route to lobby.**

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13



**Inaccessible to lobby with no signage to accessible route.**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Open risers.**

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14



**No handrails on left of stairs**

15
16
17
18
19
20
21
22
23
24
25
26



**Inaccessible check in counter.**

| |
| --- |
| **Identification of Specific Barrier in Plain Language:** As indicate below each photo. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020. |
| **Table 3.** |

27
28

12

23. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

24. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

25. The removal of barriers is readily achievable.

26. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

## COUNT TWO
### Negligence and Negligence Per Se

27. Plaintiff realleges all allegations heretofore set forth.

28. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

29. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

30. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

31. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

32. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

33. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

34. Defendant breached this duty.

35. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

36. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

37. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

38. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $35,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $35,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT THREE
Failure to Disclose

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

41. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

42. The compliance with the ADA is a fact basic to the transaction.

43. Defendant failed to make the necessary disclosures.

44. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

45. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

46. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

47. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

## REASONS WHY HIGH PUNITIVE DAMAGES AWARD IS NECESSARY IN THIS CASE

48. Factors for consideration include:

   a. Reprehensibility of Defendants' conduct; and

   b. The severity of the harm likely to result, i.e. segregation of persons with disabilities; and

   c. The actual segregation of Plaintiff from the rest of the traveling public; and

   d. The duration of the misconduct is over 30 years and

   e. Defendants' were fully aware of their own illicit maintenance of hotels; and

   f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

49. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 10th day of August, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF Gila

Peter Strojnik
Plaintiff(s),

v.

Payson Hospitality Group, LLC.
Defendant(s).

Case No.    S0400CV202000232

**SUMMONS**

To:  Payson Hospitality Group, LLC.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 1400 E. Ash Street 3rd
   Floor Globe AZ 85501 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

   Requests for reasonable accommodation for persons with disabilities must be made to

FILED
Anita Escobedo
CLERK, SUPERIOR COURT
08/10/2020 1:26PM
BY: KRUBALCAVA
DEPUTY

Case No.: S0400CV202000232
HON. TIMOTHY WRIGHT

1   Peter Strojnik,
2   7847 N. Central Ave.
    Phoenix, AZ 85020
3   Telephone: (602) 524-6602
4   ps@strojnik.com

5                **GILA COUNTY SUPERIOR COURT**
6                     **STATE OF ARIZONA**

7                                          | Case No:
8   Peter Strojnik,
9                                              **CERTIFICATE OF**
                                               **COMPULSORY**
10                            Plaintiff,       **ARBITRATION**

11

12                   vs.

13

14  Payson Hospitality Group, LLC. dba
    Majestic Mountain Inn,
15

16                          Defendants.

17

18          I certify that the above cause is not subject to compulsory arbitration pursuant to

19  Rules 72-77 of the Rules of Civil Procedure.

20          DATED this 10th day of August, 2020.

21

22                          **PETER STROJNIK**

23                          _____

24                          Peter Strojnik
                            Plaintiff
25

26

27

28