**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff,<br><br>v.<br><br>Payson Hospitality Group, LLC, dba Majestic Mountain Inn,<br><br>          Defendant. | No. CV-20-01763-PHX-JJT<br><br>**ORDER** |

At issue is the removal of this matter from the Superior Court of Arizona in and for Gila County. (Doc. 1.) In reviewing the matter, the Court inescapably concludes that Plaintiff is without standing to proceed with his sole federal claim. The Court thus has no jurisdiction over the claim. It also lacks supplemental or pendent jurisdiction over Plaintiff's two state law claims. The Court thus will remand the matter to the state court.

**I.   Posture and Necessary Background**

In and around 2016, Plaintiff Peter Strojnik, then a licensed attorney in Arizona, filed over 1,700 lawsuits against small businesses in Arizona alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") and related state law claims. In that time period, Strojnik also filed 160 similar ADA actions with associated state law claims in this Court. In the state court cases, Strojnik represented nominal plaintiffs David Ritzenthaler, an individual with a disability, and an entity known as Advocates for Individuals with Disabilities LLC. Strojnik brought all 160 matters before this Court in the name of Fernando Gastelum, another individual alleging a disability.

Judges of this Court, the Superior Court of Arizona, and the Presiding Disciplinary Judge of the Supreme Court of Arizona, found these actions to be "cookie cutter lawsuits" with generally inadequate allegations, and those that were not quickly settled were dismissed *en masse* by judges of this Court and the state Court. As a result of his representation of the above plaintiffs in these approximately 1860 actions, the State Bar of Arizona sought disciplinary action against Strojnik. The Presiding Disciplinary Judge of the Supreme Court of Arizona issued an Order of Interim Suspension in July 2018, and a Judgment of Disbarment in May 2019. The notice of Strojnik's disbarment stated Strojnik typically "demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations," and labeled his misconduct "'extortionate' and 'ethically suspect.'" State Bar of Ariz., https:/azbar.legalserviceslink.com/attorneys-view/PeterStrojnik (last visited July 23, 2021).

Undeterred, Strojnik began filing volume ADA lawsuits *pro se* in federal courts beyond Arizona within two months of his disbarment in Arizona. The United States District Courts for the Northern and Central Districts of California found the same inadequacies in those actions as the state and federal courts in Arizona had found, dismissed his actions and declared him a vexations litigant in 2020. *See, e.g., Strojnik v. IA Lodging Napa First LLC*, 2020 WL 2838814 at *13 (N.D. Cal. June 1, 2020); *Strojnik, ACG Am. Constr., Inc.*, 2020 WL 4258814 at 7-8 (C.D. Cal. April 19, 2020)(noting Strojnik had filed "numerous" *pro se* ADA actions in district courts in the Ninth Circuit since his disbarment, including many in the Central District).

And yet, he continued. Between January and at least November of 2020, Strojnik, again representing himself, filed dozens of new but substantively identical ADA actions with accompanying state law claims in Arizona state court against hotels. Defendant hotel operators in Arizona removed 37 of those actions to this Court in the ensuing months. In one of the 37 removal cases, Judge Humetewa found Plaintiff to be a vexatious litigant and ordered in relevant part that any action thereafter removed to this Court must be screened and accompanied by a $10,000 bond paid within 21 days of removal. *Strojnik v. Driftwood*

*Hospitality Management LLC*, No. 20-00343-DJH, 2021 WL 50456 at *11 (D. Ariz. Jan. 6, 2021). Judge Humetewa's January 6, 2021, Order has addressed all of Plaintiff's Complaints removed thereafter, as Plaintiff has not posted the required bond for any of those actions. And every member of this Court that has thus far addressed the standing issue with regard to cases removed prior to the vexatious litigant order—all of whose Complaints contain identical or near-identical allegations—has concluded Plaintiff lacks standing.[1] The undersigned's analysis yields the same conclusion in this matter.[2]

Plaintiff alleges on or about May 23, 2020, he visited Defendant's hotel to test its compliance with the ADA. (Doc. 1 at 9.) On August 10, 2020, Plaintiff filed the instant Complaint in the Superior Court of Arizona in and for Gila County, alleging three causes of action: 1) violations of the ADA; 2) negligence and negligence per se; and 3) failure to disclose. (Doc 1 at 17-19.) On September 9, 2020, Defendant removed the matter to this Court based on federal question jurisdiction over the ADA claim, and supplemental or pendent jurisdiction over the related five state law claims. (Doc. 1 at 1.) For purposes of the Court's analysis below, it will focus only on the federal ADA claim to begin with.

## II.   Legal Standard

"[T]o invoke the jurisdiction of the federal Courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1*

---

[1] *E.g., Strojnik v. B&L Motels Inc.*, No. 20-CV-08306-SPL, 2020 WL 7350897 at *4 (D. Ariz. Dec. 15, 2020); *Strojnik v. Ashford Scottsdale LP*, No. 20-CV-02352-DWL, 2020 WL 2002977 at *8 (D. Ariz. May 19, 2021); *Strojnik v. Driftwood Hospitality Management LLC*, No. 20-CV-03343-DJH, 2021 WL 50456 at *5 (D. Ariz. Jan. 6, 2021); *Strojnik v. Ogle dba Buck Springs Resort*, No. 20-CV-08194-JAT, 2020 WL 1250345 at *3-4 (D. Ariz. Apr. 5, 2021); *Strojnik v. C&H Kingman LLC*, No. 20-CV-08313-MTL, 2020 WL 1381354 at *3-4 (D. Ariz. Apr. 13, 2021).

[2] The Court notes that its Orders in three other ADA cases brought by Plaintiff and now pending before the undersigned—all of which will be disposed of by Orders entered contemporaneously with this Order, and all remanding on the same finding of lack of standing—will look remarkably similar to this Order and contain the identical analysis. This is so because Plaintiff's Complaints in all four matters are operatively identical, varying only in the identification of the respective defendants, the dates Plaintiff alleged he visited their hotels and or websites, the alleged ADA violations specific to the locations, and the attached photographs of those locations. The Court, in concluding all four Complaints suffer from the same fatal defect, also finds the Complaints live up to previous judges' descriptions of Plaintiff's work as "cookie-cutter complaints."

*Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The doctrine of standing requires a party to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (internal quotes and citations omitted). "A 'concrete' injury must be 'de facto'; that's is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). And "[f]or an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id*. (internal citation omitted.)

In his Complaint, Plaintiff seeks only injunctive relief in connection with his ADA claim.[3] Relevant to the claim at bar, then, an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating 1) injury-in-fact coupled with an intent to return to a non-compliant facility or 2) deterrence. *Chapman,* 631 F.3d at 944. The Complaint alleges no injury-in-fact, but focuses on the "deterrent effect doctrine," under which the Ninth Circuit has held that where a disabled individual is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA, that individual has suffered actual injury. *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). However, as observed by Judge Teilborg of this Court in another of Plaintiff's cases, "the mere existence of an ADA violation does not give any disabled person standing to sue." *Ogle*, 2020 WL 1250345 at *3. A plaintiff has no standing for an ADA claim "if the barriers he seeks to enjoin do not pose a real and immediate threat *to him* due to *his particular disability*." *Chapman*, 631 F.3d at 953 (emphasis added).

**III.   Analysis**

Plaintiff identifies no concrete or particularized injury *to him* under the deterrent effect doctrine here—or in any of the cases before the undersigned. He alleges he is disabled based on a list of medical conditions to include prostate and renal cancer, genitourinary impairment, stenosis with neuropathy, a missing right knee, limitations on the use of

---

[3] Indeed, Plaintiff is so limited. All statutory and regulatory authority Plaintiff invokes in his prayer for relief in Count 1 of the Complaint—42 U.S.C. §§ 2000a-3 and 12188(a) and (b), as well as 28 C.F.R. § 36.501(a) and (b)—makes clear that in bringing a private right of action, not through the Attorney General, Plaintiff is only entitled to injunctive relief and attorneys' fees. And as there is no attorney representing Plaintiff in this matter, he may not seek attorneys' fees.

- 4 -

shoulders, wrists and elbows, pleurisy and high blood pressure. (Doc. 1 at 6-7.) He then goes on to list several conditions at Defendant's hotel that he documented photographically as violative of ADA requirements, including 1) lack of signage, excessive steepness and lack of accessible route from the accessible parking space in the hotel lot, 2) inaccessible route to the hotel entrance and lobby with no signage, 3) open risers and no handrails on hotel stairs, and 4) an inaccessible check-in counter. (Doc. 1 at 14-17.)

Plaintiff fails utterly to make the necessary connection between the issues he identifies, even if they all prove to be ADA violations, and a "real and immediate threat *to him* due to *his particular disabilities*," as required by *Chapman*. He does not allege, nor could the Court divine, how his disabilities stemming from cancers, stenosis, neuropathy, genitourinary impairment, issues of limitation of wrists, elbows, shoulders, pleurisy or high blood pressure render any of the identified conditions to be barriers to *his* use and enjoyment of the hotel facilities. The only plausible alleged disability for which some of these conditions could prove to be barriers is his missing knee joint (ameliorated with a prosthesis), and again, Plaintiff fails to make such a connection. He alleges that his disabilities, "in their unmitigated, active state, . . . require the use of a wheelchair." (Doc. 1 at 9.) But Plaintiff does not allege that any of his conditions are in fact in their active unmitigated state, or were so when he visited the hotel. Nor does he allege he used a wheelchair while visiting the hotel, or at any relevant time. As a result, none of the violations Plaintiff identifies as barriers connect to his alleged disabilities to deter him from use of the hotel, and thus he states no concrete or particularized injury. Plaintiff has done nothing more than allege "labels and conclusions," which are insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). He has no standing for the ADA claim regarding the physical barriers he notes in his Complaint. For the same reasons, the component of his ADA claim regarding Defendant's website's alleged failures to identify and describe accessible features at the hotel (Doc. 1 at 13) fails.

The removal procedure statute, 28 U.S.C. §1447(c), provides in relevant part that "[i]f at any time before final judgment it appears that the District Court lacks subject matter

jurisdiction, the case shall be remanded." Absent jurisdiction over the ADA claim, the Court retains no supplemental jurisdiction over the remaining pendent state law claims alleged in Counts 2 and 3 of the Complaint.

The Court has considered whether, rather than remanding, it should dismiss the ADA claim in Count 1, and potentially one or both of the state claims that might be dependent on the success of the ADA claim, under the exception to the above remand rule set forth in *Bell v. City of Kellogg*, 922 F. 2d 1418, 1424-25 (9th Cir. 1991). In *Bell*, the Ninth Circuit held that where a federal court is "certain that a remand to state court would be futile," dismissal of those claims was appropriate to prevent any further waste of valuable judicial time and resources. *Id*. Upon review over the claims in this matter, the Court concludes that, while it is highly likely the state court will dismiss Plaintiff's ADA claim in Count 1 for failure to meet its own "rigorous standing requirement," *see Fernandez v. Takata Seat Belts, Inc*., 108 P.3d 917, 919 (Ariz. 2005), it cannot say that result is "certain," as required by the Ninth Circuit in *Bell*. See *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) ("We have recognized often that the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law, as when they are called upon to interpret the Constitution or, in this case, a federal statute."). For that reason, the Court will remand the ADA claim in Count 1, and as a result, the remaining state claims in Counts 2 and 3, for determination by the Arizona state court.

**IT IS ORDERED** remanding, *sua sponte*, this matter to the Superior Court of Arizona in and for Gila County. The Clerk of Court shall terminate this matter.

Dated this 10th day of August, 2021.

Honorable John J. Tuchi
United States District Judge